951 F.2d 1258
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert DESPAIN, Petitioner-Appellant,
v.
Duane SHILLINGER, Warden, Attorney General State of Wyoming,
Respondents-Appellees.
 No. 91-8053.
 United States Court of Appeals, Tenth Circuit.
 Dec. 11, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 The petitioner was convicted of aggravated robbery and sentenced to a term of ten to twenty years in the Wyoming State penitentiary. During his fifth year of incarceration, he attempted to escape, assaulting two jailers in the process. Two hundred and nine days after the criminal complaint for this incident was filed, he was tried, convicted, and sentenced to consecutive terms of eight and ten years for attempted escape and aggravated assault. During this 209-day period, the petitioner continued to serve time for his original sentence.
 
 
 3
 In support of his writ of habeas corpus, the petitioner contends that his constitutional right to a speedy trial was violated "due to excessive pretrial incarceration." Appellant's Opening Brief at 6. In Barker v. Wingo, 407 U.S. 514, 530 (1972), the Supreme Court delineated a balancing test for speedy trial claims. In so doing, the Court stated that "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance [length of delay, reason for delay, and defendant's assertion of his right]." Id. Our Circuit has further stated that "the prejudice claimed by the defendant must be substantial and demonstrable." Perez v. Sullivan, 793 F.2d 249, 256 (10th Cir.), cert. denied, 479 U.S. 936 (1986).
 
 
 4
 The district court applied the Barker balancing test and found no indication that the petitioner was prejudiced by the 209-day period between the filing of the complaint and the trial. Accordingly, the court denied leave to proceed in forma pauperis and dismissed his petition as "frivolous and totally devoid of merit."
 
 
 5
 After reviewing the record and the petitioner's motion for leave to appeal in forma pauperis, we agree with the district court. The petitioner was incarcerated on his original sentence during the 209 days that he awaited trial on the escape-related charges. Thus, he did not suffer any additional incarceration while awaiting that trial. Nor does he allege any prejudice in the form of unavailable witnesses or other impediments to his ability to defend himself that arose during the 209-day period. Absent any such allegations, we agree that this delay was not so great as to give rise to a presumption of prejudice under the speedy trial clause.
 
 
 6
 We therefore deny the petitioner's motion and dismiss the appeal because no rational argument on the law or facts supports a viable cause of action. See Coppedge v. United States, 369 U.S. 438 (1962).
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3